UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY L. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-1034-SEP |
| | ) | |
| THOMAS C. ALBUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Terry L. Parker's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, and Motion for Appointment of Counsel, Doc. 4.  Having reviewed Plaintiff's filings, the Court will grant the Application and assess an initial partial filing fee of $95.23.  Additionally, having conducted an initial review of Plaintiff's Complaint, the Court will dismiss without prejudice all claims brought against Defendants.  Plaintiff's Motion for Appointment of Counsel is therefore denied as moot.

### INITIAL PARTIAL FILING FEE

A prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1).  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  *Id.*  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff filed his Application on August 19, 2021.  Doc. 2.  Plaintiff's inmate account activity ledger shows $2,856.78 of deposits into his prison account from March 1, 2021, through August 30, 2021.  Doc. 8.  Accordingly, the Court will assess an initial partial filing fee of $95.23, which is 20 percent of Plaintiff's average monthly deposit.

## LEGAL STANDARD

When a complaint is filed *in forma pauperis*, the Court must conduct an initial review and dismiss it if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  A complaint is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Thus, "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotation marks and citation omitted).  But even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004), nor to interpret procedural rules "so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States,* 508 U.S. 106, 113 (1993).

## FACTS AND BACKGROUND

On January 23, 2019, a grand jury in the St. Louis County Circuit Court charged Plaintiff with one count of murder in the first degree, one count of armed criminal action, and one count of unlawful possession of a firearm.  *See Missouri v. Parker*, 18SL-CR08370-01 (St. Louis Cnty. Cir. Ct. Jan. 3, 2019).[1]

Plaintiff was initially represented by the Missouri State Public Defender's Office.  He then hired William Wold as private counsel but began making *pro se* filings, including a Motion to Dismiss his charges for violation of his right to a speedy trial, with the Circuit Court.

---

[1] Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system.  The Court takes judicial notice of these public state records.  *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records).

Mr. Wold eventually moved to withdraw, and the Circuit Court appointed the Missouri Public Defender's Office to once again represent Plaintiff.

On September 21, 2021, the Circuit Court denied Plaintiff's Motion to Dismiss, stating that Plaintiff's frustration over the delay of his trial, while understandable, was unavoidable, due to Plaintiff's decision to hire Mr. Wold and ultimately force Wold to withdraw, and the delays attributable to the COVID-19 pandemic.  The Court found that there was no delay attributable to the State of Missouri or the Circuit Court.

The Circuit Court set a trial date of January 24, 2022.  On January 20, 2022, the Circuit Court continued the trial until April 11, 2022, pursuant to an administrative order that canceled jury trials for the week of January 24, 2022, due to the COVID-19 pandemic.

Plaintiff filed this Complaint on August 19, 2021.  Doc. 1.  The Complaint brings claims under 42 U.S.C. § 1983 and alleges that Plaintiff's constitutional rights were violated by Defendants Judge Thomas C. Albus; attorney William G. Wold; and Assistant Prosecuting Attorney Susan E. Jostes in their individual capacities.  Specifically, Plaintiff alleges that Defendants deprived him of his constitutional right to a speedy trial in the St. Louis County Circuit Court.

**DISCUSSION**

On initial review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds that it fails to state a claim upon which relief may be granted.  Judge Albus and Ms. Jostes cannot be liable because judges and prosecutors are immune from suits that arise out of the performance of their official duties.  Mr. Wold is not subject to liability under § 1983 because Plaintiff has not alleged that Wold acted under color of state law.

### A.  Judge Albus

The Complaint alleges that Judge Albus, who presided over much of Plaintiff's underlying criminal case, deprived Plaintiff of his right to due process, ignored Plaintiff's motions, and failed to set Plaintiff's trial date early enough.  Doc. 1 at 4.  Judge Albus is immune from claims related to his official judicial actions, however.  "Judicial immunity is immunity from suit.  It is grounded in a general principle of the highest importance, that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020) (quotation marks and citations omitted).

3

Judicial immunity yields only to claims brought pursuant to a judge's nonjudicial actions or actions taken in the complete absence of all jurisdiction.  *Id.*

Plaintiff's allegations against Judge Albus relate entirely to actions taken in judicial proceedings, and Plaintiff has not alleged that Judge Albus acted in the complete absence of all jurisdiction.  Because no exception to judicial immunity is applicable, Plaintiff's claim against Judge Albus must be dismissed.

### B.  William Wold

Plaintiff alleges that Mr. Wold violated his constitutional rights by failing to effectively represent Plaintiff and ignoring Plaintiff's request to move for a speedy trial.  Doc. 1 at 5.  In order to state a claim under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendants *acted under color of state law*, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right."  *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (emphasis added) (quotation marks and citation omitted).  A private party may only be held liable under § 1983 "if it is a willful participant in joint activity with the State or its agents."  *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (quotation marks and citation omitted).  In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor."  *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Here, Plaintiff does not allege any mutual understanding or meeting of the minds between Wold and the Circuit Court or its agents.  Therefore, the Court cannot hold Wold liable under § 1983 for actions taken by the state in Plaintiff's criminal proceeding.  For that reason, Plaintiff's claim against Wold must be dismissed.

### C.  Susan Jostes

Plaintiff alleges that Ms. Jostes violated his constitutional right to a speedy trial because she failed to prosecute him in a timely manner and neglected her legal duties.  Doc. 1 at 6.  Prosecutors are immune from § 1983 liability so long as the actions complained of are within the scope of their prosecutorial duties.  *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982).  "Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process."  *Sample v. City of Woodbury*, 836

4

F.3d 913, 916 (8th Cir. 2016).  Plaintiff's allegations fall squarely within Jostes's duties as a prosecutor.  His claim against Jostes must therefore be dismissed.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of **$95.23** within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his payment payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the payment is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. [1]) is **DISMISSED** without prejudice.  *See* U.S.C. § 1915(e)(2)(B).  The Clerk of Court shall not issue process or cause process to issue upon the Complaint.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. [4]) is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of January, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE